IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABRAHAM CHAPA, #46852-177,<br>　　　　Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL NO. 3:16-CV-0780-G-BK<br>(CRIMINAL NO. 3:13-CR-0366-P-01) |
| UNITED STATES OF AMERICA,<br>　　　　Respondent. | §<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge. Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255. For the reasons that follow, it is recommended that the section 2255 motion be summarily dismissed.

**I. BACKGROUND**

Petitioner pled guilty to conspiracy to distribute a controlled substance, and was sentenced to 360 months' imprisonment and a five-year term of supervised release. *United States v. Chapa*, No. 3:13-CR-0366-P-01 (N.D. Tex. Apr. 6, 2015); Crim. Doc. 97. On April 14, 2015, defense counsel, Scottie Allen, electronically filed a timely notice of appeal on behalf of Petitioner along with the $505 appellate filing fee. Crim. Doc. 99. The notice of appeal was signed electronically: "s/Abraham Chapa, *Appearing Pro se*." Crim. Doc. 99 (italics in original).

On April 20, 2015, the United States Court of Appeals for the Fifth Circuit informed Petitioner that his *pro se* notice of appeal had been docketed, but that he had to take one of the following actions before his appeal could proceed: (1) retain an appellate attorney; (2) file a motion for appointment of CJA counsel along with a CJA 23 financial affidavit; or (3) clearly and unequivocally express his intent to proceed *pro se* in writing. *See United States v. Chapa*,

No. 15-10327 (5th Cir. Apr. 20, 2015).  The Court of Appeals also ordered Petitioner to advise within 30 days how he would proceed or his appeal would be dismissed for failure to prosecute. *Id.*  Subsequently, on May 28, 2015, due to Petitioner's failure to comply with the April 20, 2015 notice, the Court of Appeals dismissed the appeal for want of prosecution.  Doc. 101.  Petitioner did not seek reconsideration of the dismissal in the Court of Appeals or in this Court.

On March 18, 2016, more than 9 months after the dismissal of his direct appeal, Petitioner filed this timely section 2255 motion, asserting ineffective assistance of counsel. Doc. 1 at 4.  The total substance of the sole ground presented, is "my counsel was ineffective assistance [sic] for to [sic] failure to continue my direct appeal." *Id.*

## II. ANALYSIS

This section 2255 motion is subject to summary dismissal.  "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted.  *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231‑32 (5th Cir. 1991) (*en banc*)).  Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude."  *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).  Where ineffective assistance of counsel leads to a failure to prosecute a direct appeal, a defendant may obtain relief under section 2255.  *See United States v. Tapp,* 491 F.3d 263, 266 (5th Cir. 2007) (concluding that the Supreme Court's decision in *Roe v.*

*Flores-Ortega,* 528 U.S. 470, 477 (2000), holding that the failure to file a requested notice of appeal is *per se* ineffective assistance of counsel, applies even where a defendant has waived his right to direct appeal and collateral review).

While Petitioner asserts that counsel failed to follow through on his direct appeal, Doc. 1 at 4. he does not claim that he requested Mr. Allen, who was initially retained only for "the preparation and trial of the . . . case," to represent him on direct appeal. *See Notice of Appearance*, Crim. Doc. 38 at 1. Indeed, his section 2255 motion is completely silent about any attempt to contact Mr. Allen after the *pro se* notice of appeal was filed on April 14, 2015. Doc. 1 at 4. By timely filing the *pro se* notice of appeal, it appears that counsel followed Petitioner's instructions to pursue an appeal. *See United States v. Cong Van Pham*, 722 F.3d 320, 324 (5th Cir. 2013) (citing *Flores-Ortega,* 528 U.S. 478) (if counsel has consulted with the defendant regarding taking an appeal, he performs deficiently only if he fails to follow the defendant's express request to appeal). Petitioner offers no factual basis from which the Court can conclude otherwise. Moreover, Petitioner's failure to comply with the April 20, 2015 notice from the United States Court of Appeals – advising him that he could proceed with his appeal *only* if he retained an appellate counsel, sought appointment of CJA counsel, or "clearly and unequivocally express[ed] [his] intent to proceed *pro se* in writing" – evinces his lack of interest in pursuing a direct appeal, whether it be *pro se* or through counsel.

Consequently, Petitioner's allegations of ineffective assistance of counsel fail to state a claim and should be dismissed.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE**.  *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**SIGNED** April 6, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE